UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

JAN 26 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:10-cv-00561 (CMH/IDD) |
| ABSOLUTE AIR, INC., | ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on The Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF") and the Trustees of the International Training Fund ("ITF") (collectively referred to as "Plaintiffs") Motion for Default Judgment against Absolute Air, Inc. ("Defendant"), pursuant to FED. R. CIV. P. 55(b)(2). (Dkt. No. 7.) After a representative for Defendant failed to appear at the hearing on October 29, 2010, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I. INTRODUCTION

On May 28, 2010, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under section 301 of the Labor Management Relations Act

1

("LMRA"), 29 U.S.C. § 185(a). (Pls.' Mot. Default J. at 1.) These Acts allow parties to enforce provisions of their collective bargaining agreements. In filing their Complaint, Plaintiffs seek unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief,[1] and attorneys' fees and costs, pursuant to ERISA, LMRA, and the collective bargaining agreement and trust agreements executed by the United Association Local Union No. 189 ("Local Union No. 189") and the Defendant. (Compl. ¶ 5.)

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145 because the funds are administered from the Plaintiffs' principal place of business in Alexandria, Virginia. (Compl. ¶¶ 1, 2, 4.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over the Defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F.

---

[1] In Count III of the Complaint, Plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring Defendant to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in their Motion for Default Judgment.

Supp. 1040, 1045 (E.D. Va. 1997).[2] Additionally, this Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132(e)(2) and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). (Compl. ¶ 4.) Venue is also properly situated in this District because the breach of the collective bargaining agreements and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this district. (Compl. ¶ 4.)

### C. Service of Process

On June 23, 2010, process was served on Defendant by serving Summons and Complaint on Kenneth Mallia, a representative authorized to accept service on Defendant's behalf, at 11105 Debolt Road, Plain City, Ohio. (Dkt. No. 4.) Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default

Plaintiffs filed their Complaint on May 28, 2010. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On September 27, 2010, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On September 28, 2010, the Clerk entered default. (Dkt. No. 6.) On October 18, 2010, the Plaintiffs filed a Motion for Default Judgment and a hearing on the matter was conducted on October 29, 2010. After the Defendant failed to appear at the October 29, 2010 hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

---

[2] The Court held that the Eastern District of Virginia had personal jurisdiction over Defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national" contract theory is applicable, and the Virginia long arm statute under Virginia Code § 8.01-328.1 is inapplicable.

## II. FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavit by William T. Sweeney Jr., the Administrator of the National Pension Fund ("Sweeney NPF Aff."), who is also authorized to execute an affidavit on behalf of the International Training Fund ("Sweeney ITF Aff."); the Declaration of John R. Harney, Plaintiffs' counsel ("Harney Decl."), and the documents submitted in proof of damages.

The Plaintiffs are the trustees of multiemployer employee benefit plans[3] administered from offices located in Alexandria, Virginia. (Compl. ¶¶ 1, 2.) Both the National Pension Fund ("NPF") and the International Training Fund ("ITF") are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement executed by the Local Union No. 189 and the Defendant. (Compl. ¶¶ 1, 2, 5.) Defendant is an Ohio corporation organized under the law of Ohio and with an office located in the state. (Compl. ¶ 3.) At all times herein, Defendant was an "employer in an industry affecting commerce", as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3.)

Defendant is a signatory to the Collective Bargaining Agreement with Local Union No. 189, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. (Compl. ¶ 5.) Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay both the NPF and the ITF certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7.) Plaintiffs

---

[3] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

claim that Defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at Defendant's request. (Compl. ¶¶ 8, 9, 19.)

### A.  Count I – National Pension Fund

The NPF asserts that, pursuant to the reports submitted by Defendant, the Defendant failed to make contributions to the NPF in the amount of $3,001.40 for the months of July 2009 through April 2010. (Compl. ¶¶ 9; Sweeney NPF Aff. ¶¶ 5, 11.) Additionally, Defendant has failed to submit reports to the NPF indicating the amounts Defendant owes for July 2009 through April 2010. (Compl. ¶ 10; Sweeney NPF Aff. ¶ 6.)

When an employer fails to file the properly completed forms, Article VI, Section 6, of the Restated Agreement and Declaration of Trust provides that the fund is authorized to project the delinquent amount in the following manner: either by taking the greater of the average of the monthly payments actually made by the Employer for the last three (3) months for which payments were made or by taking the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made. (Compl. ¶ 12.) Based on the report forms submitted for the last three months for which Defendant actually made contributions to the NPF, the Defendant's projected payment delinquency for July 2009 through April 2010 is $3,001.40. (Compl. ¶ 14; Sweeney NPF Aff. ¶ 10.)

The NPF further alleges that Defendant is bound to make payments under Article VI, Section 5, of the Restated Agreement and Declaration of Trust, which provides that

5

an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due. (Comp. ¶ 16.) Pursuant to this provision, the NPF claims that it is owed liquidated damages in the amount of $300.14 for the months of July 2009 through April 2010. (Compl. ¶ 17.)

In addition, the Restated Agreement and Declaration of Trust allows interest on any amounts owed to the NPF at the rate of twelve percent (12%) per annum continuing to accrue from the due date through the date of payment. (Sweeney NPF Aff. ¶ 13.) The NPF fund alleges that Defendant owes interest in the amount of $288.13, calculated until October 22, 2010.

Therefore, the Defendant owes the NPF a total of $3,589. 67 in the following amounts: $3,001. 40 in contributions for the months of July 2009 through April 2010; $300. 14 in liquidated damages for the months of July 2009 through April 2010; and $288.13 in interest accruing from the date due through the date of payment or October 22, 2010 for a total amount of $3,589.67. (Sweeney NPF Aff. ¶ 14; Sweeney NPF Aff. App.)

## B. Count II – International Training Fund

When an employer fails to file properly completed report forms, Article VI, Section 6, of the Restated Trust Agreement provides that the ITF is authorized to calculate delinquent contributions by either using the greater of the average of the monthly payments actually made by the Employer for the last three (3) months for which payments or reports were submitted, or by taking the average of the monthly payments or

reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted. (Compl. ¶ 26.)

Defendant failed to submit reports to the ITF indicating the amount of contributions owed for the months of July 2009 through April 2010. (Compl ¶ 20; Sweeney ITF Aff. ¶ 6.) Based on the report forms submitted for the last three months for which Defendant actually made contributions to the ITF, the projected delinquency for July 2009 through April 2010 is $224.90. (Compl. ¶¶ 24-26; Sweeney ITF Aff. ¶ 10.)

The ITF also contends that pursuant to Article VI, Section 6, of the Restated Trust Agreement, if an employer fails to file a report or make contributions within ten (10) calendar days of the due date, the Trustees have the discretion to obtain liquidated damages in the amount of twenty percent (20%) of the amount due for each overdue monthly payment. (Compl.¶ 26.) Pursuant to this provision, the Complaint alleges that the Defendant owes the ITF $44.98 in liquidated damages for the period of July 2009 through April 2010. (Compl. ¶ 27.)

In addition, the Restated Trust Agreement authorizes interest to accrue at a rate of twelve percent (12%) per annum from the due date to the date of payment. (Compl. ¶ 26; Sweeney ITF Aff. ¶ 13.) The ITF asserts that the Defendant owes interest in the total amount of $21.59 from that date due through payment or October 22, 2010.

Consequently, the Defendant owes the ITF a total of $291.47 in the following amounts: $224.90 in delinquent contributions for the months of July 2009 through April 2010; $44.98 in liquidated damages for the late payments for the months of January 2009 through August 2009; and $21.59 in interest until October 22, 2010, and continuing to accrue until the date of full payment. (Sweeney ITF Aff. ¶ 15; Sweeney ITF Aff. App.)

Pursuant to the Agreements and under Section 502(g)(2) of ERISA, Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid; (3) liquidated damages for contributions which were paid late or remain unpaid; and (4) reasonable attorneys' fees and the costs of this action. The amounts due in unpaid and delinquent monthly contributions, liquidated damages on unpaid and delinquent contributions, and accrued interest on unpaid and delinquent contributions calculated through October 22, 2010, are summarized as follows:

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest through 10/22/10 | Total |
|---|---|---|---|---|
| National Pension Fund | $3,001.40 | $300.14 | $288.13 | $3,589.67 |
| International Training Fund | $224.90 | $44.98 | $21.59 | $291.47 |

(Sweeney NPF Aff. App.; Sweeney ITF Aff. App.)

### C. Attorneys' Fees and Costs

Finally, Plaintiffs seek $1,881.29 in attorneys' fees and costs ($1,160.00 in attorneys' fees and $721.29 in costs). In support of this request, Plaintiffs submitted the Declaration of John R. Harney and a report of attorneys' fees and costs through October 18, 2010. (Harney Decl. ¶ 7; Harney Decl. App.) The undersigned Magistrate Judge finds the following costs and attorneys' fees to be reasonable.

| Attorneys' Fees | Costs |
|---|---|
| $1,160.00 | $721.29 |

(Harney Decl. ¶ 7.)

## III.  RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the National Pension Fund against Defendant, Absolute Air, Inc.  The National Pension Fund is entitled to recover the following amounts: $3,001.40 in unpaid contributions; $288.13 in accrued interest through October 22, 2010, and accruing at the rate of 12 percent (12%) per annum, until paid; $300.14 in liquidated damages; and $1,881.29 in reasonable attorneys' fees and costs.  Thus, the recommended total damages award for the National Pension Fund is $5,470.96.

Additionally, the undersigned Magistrate Judge recommends that default judgment be entered in favor of the International Training Fund against Defendant Absolute Air.  The International Training Fund is entitled to recover the following amounts: $224.90 in unpaid contributions; $21.59 in accrued interest through October 22, 2010 and accumulating at the rate of 12 percent (12%) per annum, until paid; and $44.98 in liquidated damages.  Thus, the recommended total damages award for the International Training Fund is $291.47.

If further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court or to the court in which enforcement is sought for further appropriate injunctive relief in addition to the relief set out in this Report and Recommendation.

## IV. NOTICE

By mailing copies of this report and recommendation, the parties are notified that objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Absolute Air, Inc.
11105 Debolt Road
Plain City, OH 43064

/s/
Ivan D. Davis
United States Magistrate Judge

January 26, 2011
Alexandria, Virginia